IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODOLFO RIVERA MUNOZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | 5:16-MC-36-RP |
| THE STATE OF TEXAS, THE CITY OF SAN ANTONIO, THE UNIVERSITY OF TEXAS AT SAN ANTONIO, JUAN TEJADA, in his official capacity with The Alamo Community Colleges, RUDY DELACRUZ, in his official capacity with The Alamo Community Colleges, and THE UNITED STATES OF AMERICA. | § § § § § § § § § § | |
| Respondents. | § | |

**ORDER**

Before the Court are Petitioner Rodolfo Rivera Munoz's Motion for Permission to File a New Case (Dkt. 1), and the supplemental pleadings thereto. After reviewing the pleadings, the relevant law, and the factual record, the Court issues the following order.

Mr. Munoz asks the Court's permission to file a new claim. He does so in accordance with a sister court's 2013 order directing the District Clerk not to accept any filings from Mr. Munoz without first obtaining permission from a United States District or Circuit Judge.[1] Two years prior, another court had barred Mr. Munoz from filing a claim without the written approval of a United States District Judge.[2] In Mr. Munoz's motion, styled "An 'Indian's' Request for Access to this Racist System," (Dkt. 1), he presents a one hundred and five page argument summarizing his alleged case and controversy. To clarify his proposal, Mr. Munoz also submitted an "Objection to

---

[1] *Munoz v. Renzenberger, Inc., et al.,* No. 5:12-CV-951-HLH, Dkt. 32, at 6 (W.D. Tex. Feb. 8, 2013).
[2] *Munoz v. State Bar of Texas, et al.,* No. 5:11-CV-180-OLG, Dkt. 23 at 4 (W.D. Tex. May 10, 2011).

1

Continuing War by These Means," (Dkt. 4), a "Brief in Support of Objection to Continuing War by These Means," (Dkt. 5), a "Supplemental Petition," (Dkt. 6), and a "Second Supplemental Petition," (Dkt. 7). These documents total two hundred and seven pages of filings—all of which the Court has read and scrutinized carefully. As far as the Court can ascertain, Mr. Munoz prays for relief in that the Court:

(1) find there is an actual case and controversy between the proposed parties "concerning the intentional extermination of the people autochthonous to the Western Hemisphere" and grant him permission to file,
(2) find that this Court has jurisdiction over his claim,
(3) find that, except for the purpose of establishing jurisdiction, this Court is "faced with no valid governance under the rule of law in existence,"
(4) enforce the rulings and dispositions of his proposed claim should it go to trial,
(5) determine whether the State of Texas is a legitimate political unit, and whether it could have been legally brought into existence,
(6) articulate, if the Court will not address his proposed claim, why the Court will not address it,
(7) order the proposed Respondents to articulate their position instead of the Court, and
(8) articulate the "factual condition and status of all human beings before the Court, including whether [Mr. Munoz's] ancestors could have historically scientifically been some lesser form of humans."

(Mot., Dkt. 1, at 103–104).

Mr. Munoz is no stranger to these Courts. He has filed deficient, vexatious, or otherwise frivolous pleadings before the Western District for nearly twenty years.[3] Like the proposed claim at bar, these filings have a common theme: they are very long, provide a comprehensive history and in-

---

[3] *See De Leon v. The City of San Antonio, et al.,* No. 5:14-CV-204-XR, 2014 WL 3407385 (W.D. Tex. Jul. 10, 2014); *Munoz v. Renzenberger, Inc., et al.,* No. 5:12-CV-951-HLH (W.D. Tex. Apr. 15, 2013); *Munoz v. The State Bar of Texas, et al.,* No. 5:11-CV-180-OLG (W.D. Tex. May 5, 2011); *Munoz v. U.S. Xpress, Inc., et al.,* No. 5:08-CV-210-OLG (W.D. Tex. Apr. 15, 2009); *Castillo et al. v. Limestone County, Texas, et al.,* No. 6:06-CV-207-WSS (W.D. Tex. Feb. 27, 2007); *Garcia, et al. v. State of Texas, et al.,* No. 5:04-CV-1000-OLG (W.D. Tex. Jan. 20, 2005); *Garcia v. Lindsey, et al.,* No. 5:02-CV-122-NSN (W.D. Tex. Jul. 6, 2004); *Munoz v. The State of Texas, et al.,* No. 5:02-CV-626-FB (W.D. Tex. Nov. 3, 2002); *Segura, et al. v. Tex. Dept. of Human, et al.,* No. 5:00-CV-229-OLG (W.D. Tex. Mar. 19, 2001); *Centeno Super Market v. City of San Antonio, et al.,* No. 5:98-CV-12-ECP (W.D. Tex. Mar. 24, 1998); *Munoz v. King,* No. 5:98-CV-12-HFG (W.D. Tex. Mar. 19, 1998); *Centeno, et al. v. City of San Antonio, et al.,* (W.D. Tex. Jun. 12, 1997).

depth opinion regarding the colonization and founding of the United States and its relationship with Native Americans, allege that the federal judiciary is racist, and that the entire state of Texas is an illegal political unit. Mr. Munoz, an attorney, has been threatened with sanctions on more than one occasion as a result of his persistence in filing long diatribes unrelated to a cognizable claim. *See Munoz v. State of Texas, et al.,* No. 5:02-CV-626-FB (W.D. Tex. Sept. 3, 2002) (warning that further filings regarding the history of America and the Spanish conquest will be met with sanctions); *Munoz v. U.S. Xpress, Inc.,* No. 5:08-CV-210-OLG (W.D. Tex. Jan. 23, 2009) (warning that "to continue to elaborate on his views concerning the history of the Autochthonous people over the last 500 years" will be met with sanctions).

Mr. Munoz expresses frustration with his previous treatment and with the case here—he states that "[Chief Judge Garcia][4] . . . without anything being reflected on the record, turned it over to [this Court] who is still seeking to do something which is being done pursuant to no rule or guidelines to which I am apprised of." (Obj. to Cont. War, Dkt. 4, at 1–2). These rules are the Federal Rules of Civil Procedure. Mr. Munoz, an attorney in good standing with the Texas Bar, has been apprised of them. Further, constant reference to the proposed defendants as "Pinche Gringos" and "Pinche 'His-panics,'" (*See* Mot., Dkt. 1, at 91–104), may amount to a violation of Texas Disciplinary Rule of Professional Conduct 5.08(a)[5]—to which Mr. Munoz is subject.[6]

Mr. Munoz includes in his appeal that "[he has] no way to influence the results here after all the Judges and the tons of lawyer clerks the Americans have at their disposal here get together and

---

[4] In 2013, Chief Judge Garcia barred Mr. Munoz from filing in federal court without seeking leave, stating that "the Court finds that the present suit is frivolous and an abuse of the legal process. Whatever [Mr. Munoz's] grievances against the 'European invaders' may be, a lawsuit in this Court . . . is hardly the forum to obtain recompense. Plaintiff, who has practiced law for 30 years, should know this and also know how to state a cause of action." *Munoz,* No. 5:11-CV-180-OLG (W.D. Tex. May 5, 2011).

[5] "(a) A lawyer shall not willfully, in connection with an adjudicatory proceeding, except as provided in paragraph (b), manifest, by words or conduct, bias or prejudice based on race, color, national origin, religion, disability, age, sex, or sexual orientation towards any person involved in that proceeding in any capacity."

[6] "A lawyer is subject to the disciplinary authority of this state, if admitted to practice in this state or if specially admitted by a court of this state for a particular proceeding." Tex. Disciplinary Rules Prof'l Conduct R. 8.05(a).

once again strategize about how best to dismiss my case on some basis which precludes any comment on the issues." (Obj. to Cont. War, Dkt. 4, at 3). This is the heart of Mr. Munoz's problem. He asks the Court to comment on issues of social justice, of historical and institutional racism, and of the legal and moral legitimacy of Sixteenth Century colonialism. Courts are not the forum for Mr. Munoz's critiques, which are better discussed and debated in public and political forums.

The province of the federal courts instead is to assess limited "cases" or "controversies" as defined in Article III of the United States Constitution. To effect this purpose and assess whether Mr. Munoz has stated a claim for which this Court can grant relief, the Court will apply the Rule 12(b)(6) standard. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A complaint must contain sufficient factual allegation, when taken as true in a light favorable to the plaintiff, to "state a claim that is plausible on its face." *Id.* at 470. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). Under this principle, a court asks whether the "well-pleaded factual allegations" may "plausibly give rise to an entitlement to relief." *Id.* at 64.

Mr. Munoz does not allege a specific cause of action. (Mot., Dkt. 1, at 103–104). As previous courts have noted,[7] an exhaustive history and broad accusations do not in this instance yield a facially plausible claim upon which relief may be granted. As such, Mr. Munoz has necessarily failed

---

[7] *See De Leon,* No. 5:14-CV-204-XR, 2014 WL 3407385 (W.D. Tex. Jul. 10, 2014); *Renzenberger, Inc., et al.,* No. 5:12-CV-951-HLH (W.D. Tex. Feb. 8, 2013).

to plead content which could allow the Court to draw a reasonable inference that the proposed defendants are liable for any alleged misconduct. Mr. Munoz's pleadings are insufficient to bring a cognizable cause of action before the Court. Should Mr. Munoz allege a viable claim warranted by evidentiary support and pled in accordance with the Federal Rules of Civil Procedure, the Court will grant him permission to file.

It is therefore **ORDERED** that Petitioner's Request (Dkt. 1) is hereby, **DENIED**. The District Clerk is directed to **CLOSE** this case.

It is further **ORDERED** that the District Clerk, in addition to not accepting any future complaints by Petitioner Munoz without the prior approval of a District Judge, is also directed not to accept any filing greater than ten pages in length from Petitioner Munoz without prior approval of a District Judge. Should Petitioner Munoz persist in vexatious litigation, he is warned he may face Rule 11 sanctions.

**SIGNED** on June 23, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE